UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joe Doyle and Les Weber,                                    Civ. No. 16-4062 (PAM/FLN)

　　　　　　Plaintiffs,

v.                                                          **MEMORANDUM AND ORDER**

O'Reilly Auto Enterprises, LLC,

　　　　　　Defendant.

　　　　This matter is before the Court on Defendant's Motion for Summary Judgment. For the following reasons, the Motion is granted.

**BACKGROUND**

　　　　Plaintiffs Joe Doyle and Les Weber are both employed at Defendant O'Reilly Auto Enterprises, LLC, although they work on opposite sides of the company. Doyle is a District Manager in operations, which is responsible for company-owned stores. (Am. Compl. (Docket No. 1-2) ¶ 15.) Weber was a Regional Field Sales Manager, responsible for direct sales to corporate customers. (Id. ¶ 43.) Plaintiffs filed a charge of age discrimination with the Equal Employment Opportunity Commission in December 2015. (Richards Aff. (Docket No. 41) Exs. B, C.) In December 2016, when they filed this lawsuit, Doyle was 57 years old and Weber was 55. (Am. Compl. ¶¶ 16, 35.)

　　　　Doyle, who has worked at O'Reilly since 2008, contends that he wanted to be promoted to Regional Manager but was never given a promotion. He does not point to any specific Regional Manager position to which he was not promoted during the relevant limitations period, and he concedes that he never applied for any open Regional

Manager position. (Robb Aff. Ex. B (Docket No. 42-2) (Doyle Dep.) at 46-47.) He contends instead that O'Reilly had a practice of hand-picking individuals for promotion, and that these individuals were usually younger than he was.

Weber has worked at O'Reilly for 12 years. In June 2015, he interviewed for a promotion to Divisional Sales Manager. (Robb Aff. Ex. A (Docket No. 42-1) (Weber Dep.) at 49-50.) Weber was not selected for the promotion. The job instead went to Chris Burr, another Regional Sales Manager who was 32 years old at the time he was promoted.

Plaintiffs allege that, at a company meeting in either 2014 or 2015, operations Divisional Vice President Kenny Martin stated that the company had put "young guys" into key positions to keep the company going when "all these old guys" are gone. (Am. Compl. ¶ 28.) Martin also allegedly told the group that the business was a "young man's game." (Id.) Weber and Doyle offer conflicting testimony as to when this meeting occurred. (Doyle Dep. at 77 ("I'm pretty sure it was in 2015."); Weber Dep. at 128 ("It would have been, I believe, in 2014.")) O'Reilly offers the declarations and expense reports of other attendees at this meeting, who aver that the meeting occurred in June 2014 and who do not recall Martin making any age-related comments. (Def.'s Supp. Mem. at 16-17 (citing declarations).) O'Reilly argues that, to the extent there is a question of fact regarding what Martin may have said at this meeting, any claims regarding those comments are outside the statute of limitations.

Shortly after his interview for the Divisional Sales Manager position, Weber alleges that he and two other higher-level sales managers, Fred Wadle and Jeff Watts,

2

interviewed two men for a lower-level Territorial Sales Manager position. (Weber Dep. at 90-92.) One of the men was older and one was younger. According to Weber, after the interviews Watts drew a line down the center of a piece of paper, writing "maturity and experience" on one side and "youth and moldability" on the other. (Id. at 96.)[1] Plaintiffs allege that O'Reilly hired the younger individual (Am. Comp. ¶ 47), but Weber later acknowledged that O'Reilly in fact hired both individuals. (Weber Dep. at 93-94.) Both Watts and Martin participated in Weber's interview for the District Sales Manager position, although O'Reilly's Senior Vice President, Keith Childers, was ultimately responsible for hiring for that position. (Robb Aff. Ex. C. (Docket No. 42-3) (Childers Dep.) at 62-63.)

In 2013, another O'Reilly employee sued O'Reilly alleging age discrimination against Kenny Martin. Severe v. O'Reilly Auto. Stores, Inc., 92 F. Supp. 3d 892 (N.D. Iowa 2015). The Severe court found that summary judgment was inappropriate based, in part, on a pattern of Martin promoting younger individuals. Id. at 907. Plaintiffs contend that this lawsuit is at least circumstantial evidence of Martin's discriminatory intent and makes summary judgment inappropriate.

**DISCUSSION**

Although Plaintiffs' initial charge of discrimination and first Complaint in this matter raised claims under both federal and state law, Plaintiffs subsequently amended

---

[1] The Amended Complaint alleges that Wadle drew this line. (Am. Comp. ¶¶ 46-47.) Weber clarified in his deposition that Watts actually drew the line on the paper. (Weber Dep. at 93-95.)

their Complaint and now claim only age discrimination under the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.08 et seq. Age-discrimination claims under the MHRA and the federal Age Discrimination in Employment Act ("ADEA") are analyzed in the same way, usually using the McDonnell Douglas burden-shifting approach for evaluating a circumstantial-evidence case. Chambers v. Metro. Prop. & Cas. Ins. Co., 351 F.3d 848, 855 (8th Cir. 2003) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). Plaintiffs contend that there is direct evidence of discrimination here and thus argue that the Court need not engage in the burden-shifting analysis. However, none of Plaintiffs' evidence is related to any of the employment decisions they challenge. Torgerson v. City of Rochester, 643 F.3d 1031, 1045-46 (8th Cir. 2011) ("A remark by a decisionmaker, in order to be direct evidence of . . . discrimination, must show a specific link between a discriminatory bias and the adverse employment action, sufficient to support a finding by a reasonable fact-finder that the bias motivated the action."). Plaintiffs' evidence is, at best, circumstantial evidence and thus the McDonnell Douglas analysis applies. Chambers, 351 F.3d at 855.

Under the MHRA, a plaintiff is required to file a charge of discrimination "within one year after the occurrence of the [challenged employment] practice." Minn. Stat. § 363A.28, subd. 3(a). Plaintiffs filed their charge on December 7, 2015, rendering any challenged employment action before December 2014 outside the statute of limitations.

**A.    Doyle**

Doyle did not apply for a promotion, but he claims that he repeatedly told his supervisors that he wanted to be promoted. He asserts that O'Reilly does not post job

4

openings, making it impossible for him to apply for promotions. He also alleges that, in the year before he filed his charge of discrimination, O'Reilly promoted seven younger individuals to positions that would have been a promotion for Doyle. (Pls.' Opp'n Mem. at 17-18.) As O'Reilly points out, however, Doyle's allegations are based on an erroneous report provided in discovery. O'Reilly corrected the error with a supplemental production indicating that only two individuals were promoted within the relevant time period. The two individuals who were promoted in 2014 were 30 and 45 years old, respectively. (Def.'s Reply Mem. at 2 n.1.)

The only specific promotion that Doyle claims to have informally applied for was to replace his Regional Manager, John Gouette. According to Doyle, he told Gouette that he was interested in being promoted to that position. (Doyle Dep. at 35-36.) But any claim related to this position is well outside the applicable one-year MHRA limitations period because it was filled in 2009. (Robb Decl. Ex. A.) Doyle argues that O'Reilly's failure to post jobs and his continued requests to be promoted put this case into the continuing violation category, thus saving his claim from any statute-of-limitations issue. But "[t]he continuing violation doctrine does not encompass discrete discriminatory acts, such as termination, failure to promote, denial of transfer, or refusal to hire, which are individually actionable." Taxi Connection v. Dakota, Minn. & E. R.R. Corp., 513 F.3d 823, 825 (8th Cir. 2008) (discussing MHRA claim).

Doyle's theory asks the Court to infer that O'Reilly had an ongoing policy of discriminating against employees based on their age, and that this policy would have prevented O'Reilly from receiving a promotion had he applied for one. These inferences

5

are not warranted here, where nearly all of the evidence supporting Plaintiffs' age-discrimination allegations is nothing more than Doyle's and Weber's opinions and interpretations of the evidence.

Doyle bears the burden to demonstrate that he was qualified for a promotion, that he sought and was denied a promotion, and that a younger individual with similar qualifications received the promotion. Marzec v. Marsh, 990 F.2d 393, 395-96 (8th Cir. 1993). He cannot do this, and his claim therefore fails on its face.

**B.     Weber**

Unlike Doyle, Weber can establish the elements of his prima facie case of age discrimination, because he applied for a promotion, he did not receive that promotion, and an individual 20 years his junior received the promotion. Thus, the burden shifts to O'Reilly to proffer a legitimate, non-discriminatory reason for the decision it made. See Jackson v. United Parcel Serv., Inc., 643 F.3d 1081, 1086 (8th Cir. 2011) (describing McDonnell Douglas burden-shifting framework). O'Reilly offers evidence that Weber did not perform well in the interview and that the other candidate did perform well. This evidence is sufficient to meet O'Reilly's burden, and the burden then shifts back to Weber to establish that the proffered reason is a pretext for discrimination. Id.

Weber contends that the three interviewers admitted that they did not consult any objective criteria before making the promotion decision. But the main decisionmaker, Keith Childers, testified that he did consult each candidate's performance reports before the interviews. (Childers Dep. at 42-43, 54.) Indeed, each of the three interviewers stated that they had looked at objective performance reports for Weber and Burr. (Alden

6

Aff. Ex. D (Docket No. 46-4) (Watts Dep.) at 74; Robb Aff. Ex. D (Docket No. 42-4) (Martin Dep.) at 57, 59.) And Weber does not disagree with the interviewers' unanimous opinion that he did not interview well. He argues that the promotion decision was made before the interview, pointing to an email that he ostensibly discovered before his interview discussing possible replacements for Mr. Burr should he receive the promotion for which Weber applied. (Weber Dep. at 51-52.) Weber contends that the email is evidence that the interviewers did not take his interview seriously, and that as a result he performed poorly. But this email, which is not in the record, is not smoking-gun evidence that the decision to promote Burr was made before the interview. At best, even assuming that the contents of the email are as Weber described them in his deposition, the email shows that the company was attempting to plan for whomever received the promotion. And Weber's opinions about how seriously the interviewers took his interview are not evidence.

Weber has not come forward with any evidence that the decision not to promote him was a pretext for unlawful discrimination. His claim therefore fails.

**CONCLUSION**

Doyle cannot establish the elements of a prima facie case of age discrimination, and Weber has failed to demonstrate that O'Reilly's explanation for its decision not to offer him a promotion were a pretext for age discrimination.

7

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion for Summary Judgment (Docket No. 27) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>January 25, 2018</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
